UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION
- - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RODGER BRUCE YATES,<br>a/k/a ROGER BRUCE YATES, and<br>JAMES NORBERT NAPIER, JR.,<br><br>    Defendants.<br>_____/ | No.  1:96-CR-53<br><br>Hon.  Robert Holmes Bell<br><br><br><br>**INDICTMENT** |

The grand jury charges:

## COUNT ONE

1.  On or about September 20, 1995, in the Western District of Michigan and elsewhere, Defendants, RODGER BRUCE YATES and JAMES NORBERT NAPIER, JR., did knowingly and unlawfully devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses and representations.

2.  It was part of the scheme and artifice to defraud that a document similar in size, shape, and printed layout to a check and bearing the words "Certified Bankers Check" in the upper left, but without any bank identifying information, would be prepared in approximately double the amount of indebtedness owed by Defendant JAMES NORBERT NAPIER, JR. to the United States. It was further part of the artifice and scheme to defraud that in addition to not naming a bank, the document would contain many declarations not found on a normal check in smaller print than the words, "Certified Bankers Check," so that in fact the document would not legally be a check at all. It was further part of the scheme

and artifice to defraud that said document would bear the apparent signatures of LeRoy M. Schweitzer. It was further part of the scheme and artifice to defraud that said document would be made payable to James N. Napier, Jr., and the United States Bureau of Internal Revenue, and bear the apparent endorsement of James N. Napier, Jr. on the back. It was further part of the scheme and artifice to defraud that said document would be sent to the United States Internal Revenue Service with a demand for payment of the balance after deduction of the amount owed by Defendant JAMES N. NAPIER, JR., which balance would have been approximately $255,000 if the document were a valid check. It was further part of the scheme and artifice to defraud that interest would be claimed in the event the overpayment was not promptly refunded as an encouragement to honor said document as a check without waiting for it to clear.

3.  Having devised said scheme and artifice to defraud, on or about September 20, 1995, in the Southern Division of the Western District of Michigan and elsewhere, Defendants,

RODGER BRUCE YATES and
JAMES NORBERT NAPIER, JR.

did knowingly and unlawfully transmit and cause to be transmitted by means of wire in interstate commerce between Montana and Michigan, certain sounds for the purpose of executing said scheme and artifice to defraud, that is a telephone call between JAMES NORBERT NAPIER, JR., RODGER BRUCE YATES, and LeRoy Schweitzer.

18 U.S.C. 1343
18 U.S.C. 2

## COUNT TWO

1.　From on or about September 20, 1995, and continuing to on or about March 5, 1996, in the Western District of Michigan and elsewhere, Defendants RODGER BRUCE YATES and JAMES NORBERT NAPIER, JR., did knowingly and unlawfully devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses and representations.

2.　It was part of the scheme and artifice to defraud that a document similar in size, shape, and printed layout to a check and bearing the words "Certified Bankers Check" in the upper left, but without any bank identifying information, would be prepared in approximately double the amount of indebtedness owed by Defendant JAMES NORBERT NAPIER, JR. to the United States. It was further part of the artifice and scheme to defraud that in addition to not naming a bank, the document would contain many declarations not found on a normal check in smaller print than the words, "Certified Bankers Check," so that in fact the document would not legally be a check at all. It was further part of the scheme and artifice to defraud that said document would bear the apparent signatures of LeRoy M. Schweitzer. It was further part of the scheme and artifice to defraud that said document would be made payable to James N. Napier, Jr., and the United States Bureau of Internal Revenue, and bear the apparent endorsement of James N. Napier, Jr. on the back. It was further part of the scheme and artifice to defraud that said document would be mailed to the United States Internal Revenue Service with a demand for payment of the balance after deduction of the amount owed by Defendant JAMES N. NAPIER, JR., which balance would have been approximately $255,000 if the document were a valid check. It was further part of the scheme and artifice to defraud that interest would be claimed in the event the

overpayment was not promptly refunded as an encouragement to honor said document as a check without waiting for it to clear.

    3.    On or about September 28, 1995, in the Southern Division of the Western District of Michigan, Defendants,

RODGER BRUCE YATES and<br>JAMES NORBERT NAPIER, JR.

did for the purpose of executing said scheme and artifice to defraud, knowingly and unlawfully place in the post office in Holland, MI, the matter described below to be delivered by the U.S. Postal Service, and did knowingly and unlawfully cause to be delivered by mail to the Internal Revenue Service, Detroit, Michigan, according to the direction thereon, a document bearing the words "Certified Bankers Check" in the upper left, and the number 0619 in the upper right, in the apparent amount of $511,065.18, with the "pay to" line bearing the words "James N. Napier, Jr. and United States Bureau of Internal Revenue," and the reverse the apparent endorsement of James N. Napier, Jr., together with a cover letter demanding refund for the balance after satisfaction of the debt be sent to "James N. Napier Jr., A.R.R. c/o 634 Hazelbank Road, Holland, County of Michigan republic Non-domestic, federal venue denied."

18 U.S.C. 1341
18 U.S.C. 2

## COUNT THREE

1.　　Paragraphs 1 and 2 of Count Two are realleged and incorporated herein as though fully set forth below.

2.　　On or about February 20, 1996, in the Southern Division of the Western District of Michigan, Defendant,

### JAMES NORBERT NAPIER, JR.

did for the purpose of executing said scheme and artifice to defraud, knowingly and unlawfully place in the post office in Holland, MI, the matter described below to be delivered by the U.S. Postal Service, and did knowingly and unlawfully cause to be delivered by mail to the Internal Revenue Service, Grand Rapids, MI, according to the direction thereon, a document entitled, "Billing Invoice" demanding payment of $255,532.59 within 10 days of receipt to "James Norbert, family of Napier," in Holland, MI.


18 U.S.C. 1341
18 U.S.C. 2

## COUNT FOUR

1.  Paragraphs 1 and 2 of Count Two are realleged and incorporated herein as though fully set forth below.

2.  On or about March 5, 1996, in the Southern Division of the Western District of Michigan, Defendant,

JAMES NORBERT NAPIER, JR.

did for the purpose of executing said scheme and artifice to defraud, knowingly and unlawfully place in the post office in Holland, MI, the matter described below to be delivered by the U.S. Postal Service, and did knowingly and unlawfully cause to be delivered by mail to the Internal Revenue Service, Grand Rapids, MI, according to the direction thereon, a document entitled, "Billing Invoice" demanding payment of $5,146,426.36 to "James Norbert, family of Napier," in Holland, MI.

18 U.S.C. 1341
18 U.S.C. 2

A TRUE BILL

_____
GRAND JURY FOREPERSON

MICHAEL H. DETTMER
United States Attorney

_____
RICHARD S. MURRAY
Assistant United States Attorney